Catron, Ch. J.
delivered the opinion of the court.
The statute of 9 George I, ch. 22, is an extension of the act of 22 and 23 Charles II, ch. 7, and to be construed like it. Russell on Crimes, 1683, 1684. It is settled in England, that to bring a case within the statute 9 George I, there must be malice directed against the owner of the cattle which is wounded or killed, ar^d not *279 merely against the animal itself. Why was it so construed? Because the statute of Charles recites, that whereas divers evil disposed persons, intending the ruin and impoverishment of their fellow subjects, had frequently practised wicked courses by burning stacks, and cutting, maiming, wounding and killing horses, sheep beasts and other cattle. The offences are declared felonies. Malice to the owner induced the crimes intended to be suppressed. No other fair construction could be given to the recited British statutes. 2 E. P. Crown, 1056, 1062. Does our act of 1803, ch. 9, contemplate the same malicious intent to injure the owner? It provides, “that if any person shall cut out the tongue, cut off an ear, or tail, &c. of any beast maliciously, or of purpose, or shall wilfully and maliciously kill, &c. a beast of another, he shall be fined not exceeding ‡200, and be imprisoned not exceeding three months.” The obvious intent of our act is the punishment of malice towards the owner.
Judgment affirmed.